[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After consideration of the applicable statutory criteria, the court finds the following:
 1. Defendant father's net income $1386.25 financial affidavit
 19.23 Reimbursement insurance
 105.25 401K ------- 1510.13
 Weekly pendente lite child support $559
 a. Because the tax rates applied reflect the parties' current married joint return status, the court directs the parties, if they remain married on the 31st day of December 1994, to file a joint return for 1994.
CT Page 1538
 b. The court further directs the parties to retain their 1994 federal income tax refund, if any there be, until further order of the court.
 2. Defendant father to pay plaintiff mother pendente lite periodic alimony of $340 a week —
 a. Plaintiff mother enjoys a substantial history of employment as a physical therapist. She pursued and achieved her physical therapist's license in the State of Connecticut.
 b. Plaintiff mother solicited and received employment offers as a physical therapist ranging from $28 to $40 an hour.
 c. Plaintiff mother, currently unemployed, seeks an income of $400 a week via taxable alimony.
 d. Plaintiff mother is capable of producing the income she seeks through moderate part-time employment as a physical therapist.
 e. Defendant husband shall pay plaintiff mother said periodic alimony for four weeks only.
 f. Thereafter, plaintiff mother's employment will determine her pendente lite income.
 3. Plaintiff's subpoenas for production of data reflecting defendant's income, expenses, assets or liabilities are to be addressed to defendant's counsel only, who is to comply with all possible speed.
 4. The insurance proceeds check for $7501, now in plaintiff's possession, is to be held by her unnegotiated, pending order of the court.
Joseph L. Steinberg, J.